#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE SOUTHERN DISTRICT OF OHIO
#### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-cr-072 |
| | : | |
| v. | : | Chief Judge Algenon L. Marbley |
| | : | |
| TERRY J. SLOCUM, | : | Magistrate Judge Chelsey M. Vascura |
| | : | |
| Defendant. | : | |

### OPINION & ORDER

This matter is before this Court on Defendant's Motion for Review and Modification of Order of Detention. (ECF No. 21). On June 8, 2023, Magistrate Judge Vascura issued an Order of Detention Pending Trial (the "Detention Order"). (ECF No. 15). The Detention Order found that the balance of the relevant factors justified Defendant's detention pending trial.

Defendant's Motion requests that this Court vacate the Detention Order and instead permit him to be released on home confinement. (ECF No. 21 at 1). The Government opposes Defendant's Motion. (ECF No. 22). For the reasons set forth below, Defendant's Motion is **DENIED.** (ECF No. 21).

### I. BACKGROUND

#### A. Factual Summary of the Instant Offense

On March 30, 2023, Defendant Terry Slocum was indicted in this Court for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).[1] (ECF No. 4). The

---

[1] The arrest warrant dated March 30, 2023, states that the indictment charged Defendant with two counts: (1) felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8); and (2) possession of a machine gun, in violation of 18 U.S.C. §§ 922(o)(1) and 924(a)(2). (ECF Nos. 6, 16). On this Court's review, the indictment (ECF No. 4) does not contain the supposed second count.

1

indictment also contained a forfeiture allegation concerning a Glock, Model 23, .40 caliber pistol alleged to be in Defendant's possession, and "all associated ammunition." (*Id*.).

Defendant was arrested on June 6, 2023. (ECF No. 16). On the same day, Magistrate Judge Vascura issued an order scheduling a detention hearing on June 8, 2023. (ECF No. 12).

In preparation for the detention hearing, the United States Probation and Pretrial Services Office produced a pretrial service report (the "report") detailing Defendant's criminal history and other relevant history concerning his personal life, health, and finances. (ECF No. 25). The report indicated that, since his release from prison in November 2022, Defendant has worked in various capacities including as a forklift driver, mover, and owner of a clothing and dog breeding company. (*Id*. at 2). According to the report, Defendant also began living at his present residence with his girlfriend and their two children in November 2022. (*Id*. at 1). It also detailed the following criminal history:

- June 2016 (state court)—discharging/displaying/brandishing a firearm in relation to a drive-by shooting (60 days jail with 328 days of jail time credit and 3 years of probation); discharging and/or displaying/brandishing a firearm on or near a prohibited premise (noelle prosequi); improper handling/displaying/brandishing of a firearm (noelle prosequi); and having a weapon under disability (noelle prosequi)
- August 2020 (state court)—having weapons while under disability (dismissed)
- November 2020 (federal court)—being a prohibited person in possession of a firearm (30 months of incarceration, 3 years of supervised release, and a $200 special assessment)
- February 2023 (state court)— having weapons while under disability (dismissed, but appears to be the same incident as involved in the alleged instant offense)

(*Id.* at 3–4).

The report also noted a pending traffic case in Franklin County Municipal Court in which Defendant was charged with "No Operator's License and Stop Lights Required." (*Id*. at 4). These charges also appear to stem from the February 2023 incident. The criminal history section of the

2

report also reveals that Defendant violated his supervision conditions in relation to both his June 2016 and his November 2020 convictions. (*Id.* at 3–4).

The report opined that Defendant poses a risk of nonappearance given the limited time he has spent at his present residence; his history of criminal activity while under supervision; conflicting information regarding his employment; and the nature of the pending charges. (*Id*. at 4). The report also found that Defendant poses a risk of danger to the community given the nature of the instant offenses; his history of criminal activity while under supervision; his history of weapons use; and the pattern of similar criminal activity in his criminal history. (*Id*.).

Having considered the aforementioned factors, the report recommended that Defendant be detained pending trial. (*Id*. at 5).

### B.  Detention Hearing

Magistrate Judge Vascura held a detention hearing on June 8, 2023. (ECF No. 14). According to Defendant, the Government therein relied upon the information contained in the report to emphasize the danger that Defendant's release would present to the public. (ECF No. 21 at 2). The Magistrate Judge also heard testimony from Defendant's girlfriend, Jamea Goolsby. (ECF No. 22 at 2).

The Magistrate Judge concluded that the following factors justified Defendant's detention pending trial: the strength of the evidence against Defendant; Defendant's prior criminal history; Defendant's participation in criminal activity while on probation, parole, or supervision; Defendant's history of violence or use of weapons; Defendant's history of alcohol or substance abuse; and Defendant's prior violations of probation, parole, or supervised release. (ECF No. 15). Those findings are memorialized in the Detention Order that she issued on the same day. (*Id*.).

### C. The Government's Motion for Reconsideration of the Release Order

On August 18, 2023, Defendant filed his Motion for Review and Modification of Order of Detention. (ECF No. 21). This Court held a hearing on Defendant's Motion on August 31, 2023, during which the parties discussed their positions on the Detention Order. (ECF No. 26). After considering the parties' arguments, this Court concluded that the Detention Order appropriately found that no release conditions can be imposed which would ensure both Defendant's appearance in court and the safety of the community. (*Id.*). Consequently, this Court ordered that the Detention Order would stand and advised the parties that this written opinion would follow. (*Id.*).

## II. STANDARD OF REVIEW

This Court reviews a Magistrate Judge's detention order *de novo*. *United States v. Ledbetter*, No. 2:14-CR-127, 2015 WL 5047994, at *1 (S.D. Ohio Aug. 27, 2015) (Marbley, J.). Sections 3142 and 3145 of title 18, United States Code, instruct whether pre-trial release is proper.

If a person is ordered detained pending trial by a Magistrate Judge, "the person may file, with the court having original jurisdiction over the offense, a motion for revocation or amendment of the order." 18 U.S.C. § 3145(b). The district court "shall [ ] determine[]" the detainee's motion promptly. (*Id.*). Under 18 U.S.C. § 3142, a defendant shall be released pending trial as long as conditions can be set that will reasonably assure the defendant's appearance and community safety. 18 U.S.C. § 3142(c). In other words, to order the defendant detained, the Court must find that there are no set of conditions that can be fashioned to control the risk of flight or danger to justify a court order. *Id.* § 3142(b), (e); *United States v. Hodge*, No. 2:17-CR-0035, 2017 WL 1546483, at *2 (S.D. Ohio May 1, 2017) (Marbley, J.).

The relevant factors in determining whether there are conditions of release that will reasonably assure the defendant's appearance without jeopardizing the safety of the community are as follows: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the person; (3) the history and characteristics of the person; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release. 18 U.S.C. § 3142(g)(1)–(4). This Court has previously noted that 18 U.S.C. § 3142(e) contains a rebuttable presumption that such conditions to control the risk of flight and ensure public safety cannot be found for defendants charged with serious drug and firearm offenses. 18 U.S.C. § 3142(e); *Hodge*, 2017 WL 1546483, at *2.

### III. LAW & ANALYSIS

In its Motion, Defendant argues that Judge Vascura relied to an excessive degree upon the weight and strength of the evidence against Defendant in concluding that he is a flight risk. (ECF No. 21 at 5–6). At the same time, Defendant contends, Judge Vascura afforded insufficient weight to his family connections and community ties; his employment history; and his willingness to participate in an inpatient or outpatient drug facility. (*Id*. at 6–7). Specifically, Defendant notes that he has been gainfully employed since his release from prison and has taken concrete steps to relocate and support his family. (*Id*. at 6). According to Defendant, this progress has been stymied by his detention for the instant alleged offense. (*Id*.). Defendant represents that his continued detention is likely to result in the failures of the businesses he founded and significant financial hardship for his family. (*Id*. at 6–7). Acknowledging that he occasionally used "stimulants to help him work . . . long hours," Defendant represents that he is willing to participate in substance abuse treatment if this Court permits him to be released. (*Id*. at 7).

The Government responds that Judge Vascura appropriately issued the Detention Order after finding that there were no conditions of release which could reasonably assure the Defendant's appearance in court and the safety of the community. (ECF No. 22 at 1). The Government notes that the pretrial service report also recommended that Defendant be detained pending trial. (*Id*.). The Government first reasons that Defendant's criminal history, "which includes discharging a firearm along with other firearm offenses," as well as Defendant's repeated failures to appear for court in previous occasions, were appropriately balanced heavily against his release. (*Id.* at 2). Viewing Defendant's Motion as reliant upon his assertions that his businesses and family would suffer from his continued incarceration, the Government notes that the Pretrial Services Office was unable to verify his employment while compiling the pretrial service report. (*Id*. at 2–3). Finally, the Government reasons, Defendant's Motion contains no new information not considered by Judge Vascura that would warrant a modification of the Detention Order.

### A.  Nature and Circumstances of the Offense Charged

Under 18 U.S.C. § 3142(g), the Court first considers "the nature and circumstances of the offense charged, including whether the offense is a crime of violence, a violation of section 1591, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device." 18 U.S.C. § 3142(g)(1). Part of the analysis under § 3142(g) is to consider whether the offense charged is a "crime of violence." 18 U.S.C. § 3142(g). The Sixth Circuit has held that being a felon in possession is not a crime of violence within this context. *United States v. Sanders*, 466 F. Supp. 3d 779, 785 (E.D. Mich. 2020) (citing *United States v. Hardon*, 149 F.3d 1185 (Table), 1998 WL 320945 (6th Cir. June 4, 1998)).

6

The offense charged in this case is one count of being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). Although possession and distribution of a firearm by a prohibited individual is a serious offense that weighs against release, the Government does not allege that the firearms in question were used in a dangerous or threatening manner. According to the Government, the offense conduct was as follows:

> On or about February 22, 2023, Slocum was the sole occupant of a vehicle that was stopped for a traffic violation. At that time Slocum did not have a valid driver's license and was placed under arrest. During a search of Slocum's person incident to arrest a Glock 23, .40 caliber pistol with 14 rounds in the magazine was found in his jacket pocket. The Glock was also modified with a Glock "switch". Slocum has previously been convicted of being a felon in possession of a firearm in case number 2:20-cr-195 and was on supervised release at the time of the instant offense.

(ECF No. 22 at 1–2).

Defendant is not accused of using the firearms with which he was caught in connection with any other offensive conduct. Defendant is not accused, for example, of being involved in a firearm distribution scheme or possessing the weapons for some nefarious purpose. On the other hand, the offense charged was allegedly committed while Defendant was on supervised release *for being a felon in possession of a firearm*. A fellow district court found this factor to weigh in favor of detention when applied to a defendant accused of illegally possessing a firearm while on supervised release for a previous conviction for the same offense. *United States v. Brown*, No. 13-20337, 2020 WL 2092651, at *4 (E.D. Mich. May 1, 2020). Because Defendant is accused here of committing the same offense for which he was previously convicted, while on supervised release for that conviction, this Court finds the offense charged to weigh in favor of his detention.

### B. Weight of the Evidence

This Court next considers the "weight of the evidence against" Defendant. 18 U.S.C. § 3142(g)(2). As explained by the Sixth Circuit, this factor "deals with the factors to be considered

in determining whether there are conditions which will assure the appearance of the accused and safety of the community." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)).

With respect to the risk of flight, Defendant's criminal history reveals a trend of noncompliance with court-imposed conditions of supervision. The report itself opined that Defendant is a flight risk given the limited time he has spent at his present residence; his history of criminal activity while under supervision; conflicting information regarding his employment; and the nature of the pending charges. (ECF No. 25 at 4). At the same time, there is little evidence that Defendant poses a risk of fleeing the jurisdiction. Except for a year spent in North Carolina during his childhood, Defendant has lived his entire life in Columbus, Ohio. (*Id.* at 1). Every one of Defendant's family members mentioned in the pretrial service report resides in Columbus, Ohio. (*Id*. at 1–2). Defendant lives with his girlfriend and two children, one of whom is only approximately five months old. (*Id*. at 2). Defendant's company is also based in the area. (*Id*.). In the face of Defendant's significant ties to the city in which this Court is based, it does not appear that there no conditions which would assure his appearance.

This Court finds nonetheless that this factor supports Defendant's detention given the weight of the evidence indicating that he poses a risk of danger to the community. The report concluded that Defendant poses a risk of danger to the community given the nature of the instant offenses; his history of criminal activity while under supervision; his history of weapons use; and the pattern of similar criminal activity in his criminal history. (*Id*. at 3–4). Defendant's Motion does not dispute that the weight of the evidence counsels in favor of detention; it instead argues that this factor should be afforded minimal weight in the overall consideration whether to detain

Defendant. The Government's contentions on this point primarily hinge upon Defendant's criminal history and the fact that his prior convictions are both firearms related.

This Court is troubled by Defendant's multiple prior offenses involving firearms and his history of violating the conditions of his supervision. It is also significant that Defendant was on supervised release for a prior conviction for illegally possessing a firearm when he was arrested for the immediate offense. Given Defendant's history of dangerousness, this Court finds that this factor weighs in favor of detention.

### C. Defendant's History and Characteristics

This Court next considers "the history and characteristics of the person," including the following:

> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law.

18 U.S.C. § 3142(g)(3).

Defendant is approximately 25 years old and has no stated physical or mental health concerns aside from his recent acknowledgement that he has occasional depressive feelings. (ECF No. 25 at 2). Defendant appears to maintain strong familial ties, residing in a household with his longtime girlfriend and two children. (*Id.* at 2). Defendant advised that he has been gainfully employed since his release from prison and owns a clothing and dog breeding company. (*Id.*). Defendant does not presently have any apparent or stated abuse issues aside from a singular ingestion of an Adderall pill in November 2022. (*Id.*).

9

This Court must also consider Defendant's criminal history under this analysis. Defendant has a history of firearms-involved offenses and numerous violations of his supervision conditions. Further, Defendant was on supervised release at the time of the current alleged offense. These considerations cause significant concern to this Court.

Notwithstanding the fact that Defendant has taken concrete steps to support himself and his family since his release, this Court notes the significance of his criminal history and his being on supervised release when he is alleged to have committed the instant offense. Weighing both the positive and negative factors to be considered here, this Court finds that the balance of the factors weighs in favor of detention.

### D.  Potential Danger to the Community

This Court last considers "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g)(4). Considering the same factors that are before this Court on Defendant's Motion, the Pretrial Services Office recommended that Defendant be detained pending trial. (ECF No. 25).

Defendant is accused of possessing firearms despite being a prohibited individual. He is also accused of doing so while on supervised release for a previous conviction predicated on the same offense. Although Defendant is not accused of a violent crime, the alleged offense in this case is serious. Defendant's criminal history contains recent convictions for firearms-involved offenses and a demonstrated tendency to ignore the conditions of supervision. This Court is thus unconvinced that Defendant does not pose a risk of danger to the community in the present day. This factor therefore militates in favor of Defendant's continued detention.

Because all the relevant factors counsel in favor of detention, this Court finds that no conditions can be imposed upon Defendant which would both reasonably assure his appearance *and* mitigate any resulting potential danger to the safety of the community. 18 U.S.C. § 3142(g), (e). Consequently, this Court declines Defendant's request to disturb the Detention Order.

### IV.   CONCLUSION

For these reasons, the Court **AFFIRMS** Magistrate Judge Vascura's Order of Detention Pending Trial. (ECF No. 15). Defendant's Motion is consequently **DENIED**. (ECF No. 21). Defendant will remain in detention pending sentencing, consistent with the conditions imposed in Magistrate Judge Vascura's Order. (ECF No. 15).

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY**
**CHIEF UNITED STATES DISTRICT JUDGE**

**DATED:  October 18, 2023**